Argued October 10, affirmed November 8, petition for
rehearing denied December 5, 1967

IN THE MATTER OF THE ESTATE OF
ALFRED S. TELLER, DECEASED

TELLER, *Appellant, v.* TELLER, ADMX.,
*Respondent.*

STATE HIGHWAY COMMISSION, *Plaintiff, v.* TELLER ET AL, *Respondents,*
TELLER, *Appellant.*

TELLER, *Appellant, v.* TELLER, *Respondent.*
TELLER, *Appellant, v.* TELLER, ADMX., ET AL,
*Respondents.*

432 P. 2d 1017

*John F. Conway*, Portland, argued the cause and filed a brief for appellant.

*Gerald H. Robinson*, Portland, argued the cause for respondent. With him on the brief was George W. Mead, Portland.

Before SLOAN, Presiding Justice, and GOODWIN and DENECKE, Justices.

### SLOAN, J.

In each of these four cases, consolidated for trial and appeal, appellant Harry C. Teller alleged that his brother and former partner, Alfred, had fraudulently induced Harry to withdraw from the partnership. The trial court found against Harry in all four cases.

In 1931 Harry Teller and Alfred entered into a partnership known as the Teller Construction Company. In 1948 Harry withdrew as an active partner, but retained an ownership interest in the assets of the partnership and continued to draw income from the firm. In March, 1965, Harry and Alfred completed the agreement whereby Harry's interest in the partnership and its assets were terminated. Harry executed a withdrawal and he signed a deed conveying all interest in the firm's real property to Alfred and his wife. The latter executed a note and mortgage to Harry to evidence and secure the payment of the sum agreed upon for Harry's withdrawal. At the time of the agreement, partnership real property was involved in a condemnation proceeding. The proceeds of the condemnation case provide the substance for much of the contention in the four cases. The truth of the allegations of fraud, however, is the issue in each case.

As indicated, they were consolidated for trial because of the identical evidence at issue in each case.

■■ We agree with the trial court's conclusion that Harry completely failed to prove his allegations. There is nothing to support his claim that Alfred took advantage of a fiduciary relationship. His testimony that his signature had been forged to some of the documents was wholly unfounded.

The judgment and decrees are affirmed.